UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tyler Harris,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada Unemployment,<br><br>　　　　　Defendant. | Case No. 2:24-cv-01870-DJA<br><br>**Order<br>and<br>Report and Recommendation**[1] |

　　　　Under 28 U.S.C. § 1915 Plaintiff is representing himself in this action and has filed a renewed application to proceed without paying the filing fee (known as an application to proceed *in forma pauperis*). (ECF No. 6). Plaintiff also submitted a complaint with his initial application to proceed *in forma pauperis*. (ECF No. 1-1). Also before the Court is Plaintiff's motion for expedition, asking the Court to expedite its decision on Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7).

　　　　Because the Court finds that Plaintiff's application to proceed *in forma pauperis* is complete, it grants the application to proceed *in forma pauperis* and screens his complaint. However, because the Court finds that Plaintiff attempts to sue an immune defendant, it

---

[1] This case is currently part of the consent program established under First Amended General Order 2023-11. *See* First Amended General Order 2023-11, United States District Court for the District of Nevada, chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nvd.uscourts.gov/wp-content/uploads/2024/12/GO-2023-11-Amended-General-Order-Assignment-to-MJs.pdf (Dec. 9, 2024). As a result, the undersigned magistrate judge is the only judge assigned to the case. However, Defendant State of Nevada Unemployment has not yet appeared in this action and so cannot consent to the undersigned's jurisdiction over this matter. Because the undersigned magistrate judge is recommending dismissal of Plaintiff's complaint without leave to amend, the undersigned magistrate judge will issue a recommendation and request that the Clerk of Court randomly assign this case to a district judge. *See* 28 U.S.C. § 636(b)(1)(A).

recommends dismissing his complaint without leave to amend. Because the Court has addressed Plaintiff's application in this order, it denies his motion for expedition as moot.

## I.   *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 6). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II.   Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the

line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues the State of Nevada Unemployment Office for damages, alleging claims related to the denial of his unemployment claim. (ECF No. 1-1). The Court liberally construes Plaintiff's complaint as bringing claims against the Nevada Department of Employment, Training & Rehabilitation ("DETR"). Plaintiff alleges that the Court has federal question jurisdiction over his claims and that his claims arise under "Title 41," however, Plaintiff does not further identify a federal statute. (*Id.* at 3). Plaintiff alleges that DETR denied his unemployment claim and "shut of[f]" [his] online appeal form" and will not answer his calls. (*Id.* at 4). Plaintiff asserts that he has been forced to donate plasma to afford filing an appeal. (*Id.*).

The Court recommends dismissing Plaintiff's complaint without leave to amend because amendment would be futile. DETR is an agency of the State of Nevada. However, the Eleventh Amendment bars citizens from suing a state or its agencies unless the state has waived such immunity or Congress has abrogated such immunity by statute. U.S. Const. amend. XI; *see also Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. Nev. Rev. Stat. 41.031(3). So, Plaintiff's claims against DETR fail as a matter of law.

Even if Plaintiff's claims were not barred by the Eleventh Amendment, the Nevada Revised Statutes provide that a person seeking unemployment benefits must first exhaust his or her administrative remedies before filing a lawsuit. Nev. Rev. Stat. 612.525(1). A failure to comply with these statutory requirements constitutes grounds for dismissal. *Walker v. Nev., Dep't of Emp. and Sec.*, No. 2:09-cv-2036-GMN-GWF, 2011 WL 167545, at *1 (D. Nev. Jan. 19, 2011). However, Plaintiff provides no documentation demonstrating that he has timely appealed DETR's alleged denial of his unemployment claim. Additionally, if Plaintiff has timely appealed DETR's decision, his request for a review of that appeal should be brought before the District Court for the State of Nevada in the County in which the work was performed, rather than the United States District Court. Nev. Rev. Stat. 612.530; *Ullauri-Moron v. Nev. Dep't of Emp., Training, and Rehabilitation*, Case No. 2:12-cv-01569-JCM-CWH, 2012 WL 4891722, at *2 (D. Nev. Sept. 6, 2012). So, the Court recommends dismissing Plaintiff's complaint without leave to amend.

### IV.  Plaintiff's motion to expedite.

Plaintiff moves the Court to expedite its review of his application to proceed *in forma pauperis*. (ECF No. 7). Because the Court has determined Plaintiff's application in this order, it denies his motion as moot. Plaintiff is also advised that the Court handles hundreds of cases and cannot move motions in front of others that have been waiting for consideration without very good reason. Sometimes it may take several months for the Court to consider a motion.

///

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite (ECF No. 7) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to remove this case from the consent program and randomly assign a district judge to this case.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

**REPORT AND RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the complaint (ECF No. 1-1) be **dismissed without leave to amend.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 2, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE